·JOHN N. FRANCIS and others *v.* THE BUTLER MUTUAL FIRE INSURANCE COMPANY.

Where one article of the by-laws of a mutual fire insurance company provided,— "If any assessment required by the directors, is not paid within thirty days after notice, the delinquent's policy shall cease and determine," &c., and another by-law provided, amongst other things,—"Any policy of insurance payable to the mortgagee in case of loss, shall continue so payable notwithstanding any alienation of the property of the mortgagor, made subsequently to such insurance. And such mortgagee shall pay any and all assessments on the property, provided the original assured shall not pay the same on demand," *it was held,* that the forfeiture provided by the former section did not apply to the case of a mortgagee to whom, by the policy, the loss was made payable; and that he might, in case of loss, recover thereon, although the policy had ceased, by neglect to pay an assessment within the thirty days, as to the mortgagor, whose interest was insured.

ASSUMPSIT upon a policy of fire insurance, insuring one Michael Maginn, in the sum of four hundred and fifty dollars, upon his dwelling house in North Providence, against loss or damage by fire, from the fourth day of December, 1857, to the fourth day of December, 1860 ; the loss payable to the plaintiffs, as trustees of the Mechanics Mutual Loan Association, to whom the house was mortgaged, as stated in the application for insurance, in the sum of $500. The defendants were a mutual office, and the policy was issued by them on the fourth day of December, 1857.

The case was submitted to the court, without a jury, at their March term for the county of Providence, 1862, under the general issue. At the trial it was agreed, that the house insured was totally destroyed by fire on the ninth day of October, 1859, and was, at the time of the loss, of the value of $600, and that the plaintiffs were entitled to recover the whole amount of the loss,

if anything. The defence turned, solely, upon the 13th article of the by-laws of the company,—annexed to and made part of the policy,—and which was as follows:—

" 13. No policy shall be valid until the premium is paid. If any assessment required by the directors is not paid within thirty days after notice, the delinquent's policy shall cease and determine, and in case of insurance of property not situated within this State, the president and directors may require, as a security for the capability of the assured for the assessments, a surety satisfactory to the directors. Notices of the sums required to be paid by the directors, shall be given in such manner as the directors may prescribe ; and in case any person, insured by this company, shall neglect to make any payment as aforesaid, the lien mentioned in section 7th of the act of incorporation of this company, may be enforced in the manner therein named."

The 11th article of the by-laws contained, amongst other clauses, this :—

" Any policy of insurance payable to the mortgagee, in case of loss, shall continue so payable notwithstanding any alienation of the property of the mortgagor, made subsequently to such insurance. And such mortgagee shall pay any and all assessments on the property, provided the original assured shall not pay the same on demand."

Assessments having been made by the directors of the company, in 1859, to cover losses of the company, notice of the same had been repeatedly given both to Maginn and the plaintiffs, in the mode prescribed by the directors, to call and pay them ; and more than thirty days had expired after such notices, before the happening of the loss, without payment of the assessments by either, as will be more particularly stated in the opinion of the court.

*B. N. Lapham, for the defendant,* contended, that the policy was void at the time of the loss, under the 13th article of the by-laws of the company.

*Mathewson & Markland, for the plaintiffs,* replied, that the 13th by-law did not apply to mortgagees to whom the loss was, by the policies, made payable, and referred to the 11th article of the by-laws.

Other points were taken; but as the opinion of the court turned solely on this, it is unnecessary to state them.

BRAYTON, J. This action is brought upon a fire policy, made by the defendants, December 4th, 1857, whereby they insured one Michael Maginn, in the sum of $450, against loss or damage by fire upon his dwelling house, situate in North Providence. The policy was made payable, in case of loss, to the plaintiffs, who are mortgagees of the property insured.

At the trial it was agreed, that the property had been totally destroyed by fire on the 9th day of October, 1859, and that the assured had furnished the usual and necessary preliminary proof required, and that the plaintiffs were entitled to recover, if the policy, at the time of the loss, were a subsisting one.

The defendants claimed, that by virtue of certain by-laws of the company, subject to the conditions and limitations on which the policy was made and accepted, and which were annexed to and made part of the contract of insurance, the policy had become void. Section 13th of the by-laws is that upon which the defence is made to rest. It is as follows:—

" 13. No policy shall be valid until the premium shall be paid. If any assessment required by the directors is not paid within thirty days after notice, the delinquent's policy shall cease and determine; and in case of insurance of property not situated within this State, the president and directors may require as a security for the capability of the assured for the assessments, a surety satisfactory to the directors. Notices of the sums required to be paid by the directors shall be given in such a manner as the directors may prescribe; and in case any person, insured by this company, shall neglect to make any payment as aforesaid, the lien mentioned in section 7th of the act of incorporation of this company, may be enforced in a manner therein named."

On the 8th day of March, 1859, the directors of the company, for the purpose of paying certain losses, amounting to the sum of $6542.83, ordered that the persons insured should pay in a contribution, proportioned to the amount by them insured, and to the amount of premium paid by them; that it should be paid between the 15th day of March and the 18th day of April following, and that notice of the order and of the amount of the

contribution required should be given, by circulars, delivered to the persons of whom it was required.

Notice of the order of the directors, the amount required to be paid, and of the time within which payment was required to be made, was given, in the mode provided, both to the original assured and to the mortgagees, before the 15th day of March, 1859; and notice, at the same time, was given to both, that " By-law No. 13 provides, that if any assessment required by the directors is not paid within thirty days after notice, the delinquent's policy shall cease and determine, and that the lien upon the property, given by the act of incorporation, may be enforced." On the 16th of April following, notice was given to both, that " your assessment, due April 15th, remains unpaid." On the 20th of June following, notice was again given to both, that " your assessment, due April 15th, remains unpaid," and that if not paid on or before July 1st, it will be collected in accordance with section 7th of the charter, reciting that section ; and similar notices were given at other times.

From the evidence in this case, it is quite clear, that the assessment, ordered by the directors to be paid upon this policy, was not paid within thirty days after notice, nor within thirty days after the last day limited by the order for its payment. This neglect to contribute to the losses of the other members of the company, as thus required, would have operated to avoid the policy, as to the original assured, Michael Maginn, under the provisions of the 13th section of the by-laws ; and since the loss, which by the terms of the policy is to be paid to the mortgagees, is the loss of the original assured, and not of the mortgagees, and he had no subsisting policy whereon a loss could happen, the mortgagees, if this were all, would be alike defeated of a recovery, in case of a destruction of the property by fire. *Hoxsie* v. *the Providence Mutual Fire Insurance Company*, 6 R. I. Rep. 517. Unless, therefore, the persons to whom the loss is made payable have some right of recovery secured to them by other provisions of the policy, beyond that of the original assured, they must be barred by his default. That the policy contemplates some such right, distinct from that of the assured, is quite evident from the provision of the 11th section of the by-laws :—

"11. When any property, insured by this company, shall be alienated by sale or otherwise, the policy shall thereupon be void; unless the new owner of the property shall have the policy assigned to him by an endorsement thereof, and shall, within ten days, obtain the consent of the directors thereto, and the said assignment from thenceforth shall give to the new owner all the benefit resulting from said policy. In case of alienation by devise, the policy shall be void, unless the devisee or executor shall, within thirty days after the probate of the will of the devisor, procure a renewal of the policy, or make an assignment thereof to the devisee, with the consent of the directors, of which he shall give notice; and property mortgaged shall not be considered alienated, except when it shall be taken possession of by the mortgagee, for the breach of the condition expressed in the mortgage deed, or in any defeasance; then the policy shall be void, unless the same be transferred to the mortgagee with the consent of the directors. Any policy of insurance payable to the mortgagee in case of loss, shall continue so payable notwithstanding any alienation of the property of the mortgagor, made subsequently to such insurance. And such mortgagee shall pay any and all assessments on the property, provided the original assured shall not pay the same on demand."

By this section, though the policy is to become void upon the alienation of the property, so that the original assured shall not recover in case of loss, it is, nevertheless, to continue payable to the mortgagee in such case, in the same manner as if no alienation had been made. In case of non-payment of assessments by the insured, the person to whom the loss is made payable is holden to pay all assessments required of the assured, upon *his* default to pay upon demand. The payment here provided to be made by the mortgagee does not seem to be intended as a mere privilege in him to perform the obligation of the assured in order to avoid the forfeiture of the policy arising upon his default, but the mortgagee is made liable, absolutely, in such case, for all such assessments. It will be noticed, however, that the mortgagee is not required to pay within the time limited for the assured, nor is any time limited within which a mortgagee shall pay; nor is it provided, that a failure by him to pay, upon demand, or that,

upon a failure for thirty days, or for any other period, to pay the assessment, the policy shall not still continue payable to him, as provided therein. The provisions of this section seem to contemplate that the policy shall continue in force for the benefit of the mortgagee, when it has been forfeited as to the original assured.

We are, therefore, of opinion, that the plaintiffs are not within the 13th section of the by-laws; and that, as to them, there was, at the time of the loss, a subsisting policy; and that they are entitled to be paid the amount of the loss, as the policy provides.